**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KENT GROUP PARTNERS, LLC | ) CASE NO. |
| Plaintiff, | ) <br> ) JUDGE |
| v. | ) |
| CITIZENS BANK, N.A. | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

NOW COMES Defendant Citizens Bank, N.A. ("Citizens") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby submits the following Notice of Removal with respect to the above captioned case, which was filed in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV 22 965846. In support of this Notice of Removal, Citizens states the following:

**Timeliness And Background**

1. On July 8, 2022, Plaintiff Kent Group Partners, LLC ("Plaintiff") commenced a civil action against Citizens by filing a Complaint in the Court of Common Pleas, Cuyahoga County, Ohio. The lawsuit is recorded on that court's docket as Case No. CV 22 965846 (hereinafter referred to as the "State Court Action").

2. Citizens was provided notice of the State Court Action on July 9, 2022. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and complaints filed by Plaintiff in the State Court Action, are attached hereto as Exhibit A. As of the date of the filing of this Notice of Removal, Citizens has not yet been served with the summons and complaint. Because Defendant has filed this Notice of Removal within thirty days of service, this Notice of

Removal is timely. *See* 28 U.S.C. § 1446(b).

3. Plaintiff is a limited liability company organized under the State of New York. (Compl. at ¶5). Plaintiff alleges that on August 13, 2020, Forehand Traders, LLC ("Company") opened a bank account at Citizens using fraudulent information. (Compl. at ¶7, 10). The bank account is known as Account Number XXX-XX-2896 ("Account"). (Comp. at ¶29). On February 1, 2021, Plaintiff directed Capital One to wire funds in the amount of $6,256,608.00 ("Funds") to the Account. *Id.* Plaintiff alleges that Sprint was the intended beneficiary of the Funds. *Id.* The Funds were received by Citizens via wire and placed in the Account. (Compl. at ¶30). Once deposited into the Account, the Company, who was not the intended beneficiary, allegedly removed all the Funds from the Account. (Compl. at ¶31). Plaintiff alleges that Citizens is liable to it for opening the Account and receipt of the Funds into the Account. (Compl. at ¶49). In its Complaint, Plaintiff alleges claims for violations of UCC 4A, aiding and abetting fraud, public nuisance, civil conspiracy, and violations of R.C. §1303.44. It seeks damages against Citizens in excess of $6,256,608.00. (Compl. *generally*).

## This Case Is Removable Based Upon Diversity Jurisdiction

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

5. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

6. In this case, both the "diversity" and "amount in controversy" requirements are met.

**The Parties Are Diverse**

7. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title...a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c).

8. Upon information and belief, Plaintiff is incorporated under the laws of the State of New York, and their principal place of business is located in Harrison, New York. Plaintiff is not a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant is incorporated under the laws of the State of Rhode Island, and their principal place of business is located in Providence, Rhode Island. Defendant is not a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(1).

10. Thus, Plaintiff and Defendant are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

**The Amount In Controversy Exceeds $75,000**

11. Plaintiff has requested judgment "in an amount in excess of Six Million, Two Hundred Fifty Six Thousand, Six Hundred and Eight Dollars and Seventy Nine Cents ($6,256,608.79), together with fees, interest, prejudgment interest, costs…" (*See generally*, Compl.)

12. The Northern District of Ohio has instructed that "[a]s long as state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *McMahon v. Alt Claims Serv., Inc.*, 521 F.Supp.2d 656, 660 (N.D. Ohio 2007) (internal quotation marks omitted).

13. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a), (c).

14. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

## Venue And Notice

15. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. Promptly upon the filing of this Notice of Removal, Citizens shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Court of Common Pleas, Cuyahoga County, Ohio, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto at Exhibit B.

## Conclusion

17. Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

18. Should Plaintiff seek to remand this case to state court, Citizens respectfully ask that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Citizens asks that the Court retain jurisdiction and allow Citizens to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Citizens requests that the above-described action pending against it be removed to this Court. Citizens also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully Submitted,


*/s/ Kathleen A. Nitschke*
Karen L. Giffen (0042663)
Kathleen A. Nitschke (0073397)
PEREZ & MORRIS LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone:	216-621-5161
Facsimile:	216-621-2399
E-mail:	kgiffen@perez-morris.com
	knitschke@perez-morris.com
***Counsel for Defendant Citizens Bank, N.A.***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2022 a copy of the foregoing *Notice of Removal* was filed electronically. Notice of this filing will be sent by Electronic Mail and Regular U.S. Mail, postage prepaid, upon the following Parties:

Dennis P. Mulvihill
Wright & Schulte LLC
23240 Chagrin Boulevard, Suite 620
Cleveland, Ohio 44122
***Counsel for Plaintiff Kent Group Partners LLC***

*/s/ Kathleen A. Nitschke*
Kathleen A. Nitschke (0073397)
***Counsel for Defendant Citizens Bank, N.A.***